### U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 1:24-cr-556 |
| v. | JUDGE: TREVOR N. MCFADDEN |
| DERRICK THOMAS MARTIN | |

### DEFENDANT'S MOTION TO EXCLUDE AND SUPPRESS STATEMENTS UNDER THE FIFTH AMENDMENT AND MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

Undersigned counsel, on behalf of Mr. Derrick Martin, respectfully moves this Court, to exclude and suppress any statements made in connection with this matter, pursuant to the Fifth Amendment to the U.S. Constitution, the Federal Rules of Criminal Procedure, this Court's pretrial order, and any applicable laws. Undersigned counsel respectfully requests an evidentiary hearing on this Motion at the April 30, 2025 motions hearing date.

In support of this Motion, undersigned counsel states the following on information and belief:

### STATEMENT OF FACTS

1. Although DC and federal law enforcement had no probable cause that Mr. Martin was committing a crime at the time, they entered his girlfriend's apartment without permission at 1600 Pennsylvania Avenue, S.E. in Washington, D.C. and arrested him on an outstanding Cecil County, Maryland arrest warrant allegedly issued upon his non-appearance at a court date. After his arrest, on the scene, while Mr. Martin was in custody, the police questioned him and he made statements. The custodial interrogation occurred absent the provision of *Miranda* warnings. That same day, law enforcement took Mr. Martin to a police station and, while still in custody, further elicited statements from him.

1

The statements from the scene and the stationhouse were obtained in violation of Mr. Martin's Fifth Amendment rights and are subject to this motion to suppress.[1]

2. Law enforcement arrived at the house with no warning. They entered the apartment by force. Mr. Martin's arrest occurred in front of his girlfriend and in front of their preschool-aged child. The experience was overwhelming and emotional for Mr. Martin.

3. After his arrest, Mr. Martin was taken to a police station and interrogated. Discovery has not yet been provided as to that interrogation.[2] As with the statements on the scene, any statements that Mr. Martin made during that interrogation were obtained in violation of the Fifth Amendment.

4. He was questioned not about his alleged failure to appear in court, but about firearms and homicide. In trying to comprehend the arrest, his will to stay silent was overborn by coercive police action.

5. Mr. Martin is alleged to have made statements on the scene, and he is alleged to have made statements at the police station. Any such statements were made in violation of Mr. Martin's rights under *Miranda v. Arizona*, 384 U.S. 444, (1966).

6. Mr. Martin's statements on the scene and at the stationhouse were made in response to direct questioning by officers and by words reasonably likely to elicit an incriminating response.

7. Mr. Martin did not waive his constitutionally-mandated *Miranda* warnings at any given time including at the time of his alleged statements.

---

[1] The government has indicated that it may not seek to elicit either the statements at the scene or at the stationhouse as direct evidence at trial. Counsel recognizes that the government's response to this motion may moot the motion, but files the motion now to timely notice the issue.

[2] The defense anticipates that the government will provide this information in discovery.

2

8. Because Mr. Martin was never advised of his rights as required by *Miranda*, any statement obtained from him was in violation of his Fifth Amendment right and should be suppressed and excluded.

9. Given Mr. Martin's mental condition at the time any statements were made and the actions of the officers at the time, said statements were involuntarily obtained, in violation of his right to Due Process under the Fifth Amendment. Therefore, any statements must be suppressed and excluded.

10. Because Mr. Martin's Fifth Amendment rights were violated, any and all statements must be suppressed and excluded.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS AND EXCLUDE STATEMENTS**

**I.   ANY STATEMENTS ALLEGEDLY MADE MUST BE SUPPRESSED AND EXCLUDED PURSUANT TO MR. MARTIN'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AMENDMENT, *MIRANDA* AND ITS PROGENY**

The U.S. Supreme Court interprets an accused's constitutional right from self-incrimination in *Miranda v. Arizona* as applied to any statements whether exculpatory or inculpatory flowing from custodial interrogation and questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action prior to the reading of *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 444 (1966). Statements are inadmissible if these statements, whether inculpatory or exculpatory, are deemed to be incriminating, if it is one the government seeks to introduce at trial or were obtained during legal custody and *Miranda* warnings were not given. *See Rhode Island v. Innis*, 446 U.S. 291 (1980); *see also Edwards v. Arizona*, 451 U.S. 477 (1981).

Mr. Martin was in custody at the time of the alleged statements. An individual is in custody for *Miranda* purposes where there is a (1) formal arrest *or* (2) restraint on freedom of movement

3

of the degree associated with a formal arrest. *See Thompson v. Keohane*, 516 U.S. 99, 112 (1995) (formal arrest): *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam). Mr. Martin was under arrest. There can be no dispute that he was in custody. Mr. Martin was interrogated at the time of the alleged statements on the scene at the station.

Interrogation broadly encompasses express questioning and other any words or actions on the part of the police that the police should know are "reasonably likely to elicit an incriminating response from the suspect." *See Rhode Island v. Innis*, *supra*. Here, this was an interrogation because any statements made by Mr. Martin were in response to either express questioning or words or actions by a police officer reasonably likely to elicit an incriminating response.

In this instant case, this was a custodial interrogation because in light of the objective circumstances, a reasonable person in the position of Mr. Martin would not have felt at liberty to terminate questioning by the officers and leave. Indeed, Mr. Martin was subjected to restraints comparable to those associated with a formal arrest. *See Berkemer v. McCarty*, *supra*.

Therefore, any statements must be suppressed and excluded as obtained in violation of Mr. Martin's rights under *Miranda* and its progeny.

## II.   ANY STATEMENTS ALLEGEDLY MADE WERE INVOLUNTARY UNDER THE FIFTH AMENDMENT DUE PROCESS CLAUSE

The government has the burden of proof to show any statements made were voluntary by a preponderance of evidence. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986). To determine the voluntariness of any statements, the Court must decide whether under the totality of the circumstances the will of the suspect was overborne in such a way as to render his confession the product of coercion." *Arizona v. Fulminante*, 499 U.S. 279, 288 (1989) The presence of official compulsion–"coercive police activity" or "police overreaching"–is a necessary predicate to finding statements involuntary within the meaning of substantive and procedural Due Process. *Connelly*,

4

479 U.S. at 166-67. The Court also factors whether the accused was advised of his rights in assessing the totality of circumstances.

Here, the totality of the circumstances demonstrates that the statement allegedly made by Mr. Martin was involuntary. Mr. Martin had just undergone a traumatic event: a swift, sudden arrest in the quiet of his girlfriend's apartment. He was surrounded and restrained by law enforcement officers. Mr. Martin was not advised of his rights at the scene. He was under physical and mental duress of obvious nature. Therefore, any statements made must be suppressed and excluded because Mr. Martin's rights under the Fifth Amendment Due Process Clause were violated.

## CONCLUSION

**WHEREFORE**, for the reasons stated above, and for any others that may become apparent at a hearing on this Motion, Mr. Derrick Martin respectfully requests this Honorable Court to suppress and exclude any statements allegedly made.

Respectfully submitted,

/s Edward J. Ungvarsky
Edward J. Ungvarsky, Bar No. 459034
Ungvarsky Law, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
DC: 202 546 1500
VA: 571 207 9710
Cell: 202 409 2084
Email: ed@ungvarskylaw.com
Counsel for Derrick Martin

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Suppress was served on the government, via electronic filing, on this 3rd day of April, 2025.

/s/ Edward J. Ungvarsky
Edward J. Ungvarsky

5

6