**U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 1:24-cr-556 |
| v. | JUDGE: TREVOR N. MCFADDEN |
| DERRICK THOMAS MARTIN | |

**DEFENDANT'S MOTION TO EXCLUDE AND SUPPRESS ALL INFORMATION OBTAINED AS RESULT OF A DEFICIENT SEARCH WARRANT APPLICATION AND WARRANT PREMISED ON 18 U.S.C. SECTIONS 2703 AND 3123 AND OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Undersigned counsel, on behalf of Mr. Derrick Martin, respectfully moves this Court, to exclude and suppress any information obtained as a result of a deficient search warrant application and warrant issued pursuant to Rule 41 and 18 U.S.C. Sections 2307 & 3123, as well as the Fourth Amendment to the U.S. Constitution, the Federal Rules of Criminal Procedure, this Court's pretrial order, and any applicable laws. Undersigned counsel respectfully requests an evidentiary hearing on this Motion at the April 30, 2025 motions hearing date. Such exclusion will include any reliance on the fruits of the search warrant to form any basis in support of the government's response to Mr. Martin's previously filed motion to suppress evidence. The challenged affidavit and search warrant at issue were filed as ECF 15-1in support of the government's ECF 15 and not further attached here.

In support of this Motion, undersigned counsel states the following on information and belief:

**STATEMENT OF FACTS**

The government sought a search warrant in D.C. Superior Court requesting location data and associated information for a cellular phone number associated with Mr. Martin. The affidavit

in support of the application reads like a cut-and-paste job. This Court, more so than the Superior Court Senior Judge, will read the affidavit and observe that it does not satisfy the requirements of the purported bases of application: Superior Court Rule of Criminal Procedure 41, 18 U.S.C. Section 2703, and 18 U.S.C. 3123. The affidavit is insufficiently particularized, insufficiently detailed, and provides an illegal basis for issuance of the search warrant.

The warrant is directed at T-Mobile and seeks both historical cell phone information, forward-looking cell phone information, and trap-and-trace authority for a particular phone number alleged to be associated with Mr. Martin.

Under both 18 U.S.C. Section 2703, and 18 U.S.C. 3123, warrants are only to be issued if the affidavit makes plain that the information sought by the warrant is relevant to "an ongoing criminal investigation." This affidavit makes no such thing. The affidavit did not allege any ongoing criminal investigation. To the contrary, under "BACKGROUND OF THE INVESTIGATION," on page 5, the affidavit limited the reason for the warrant to a Cecil County, Maryland arrest warrant that permitted "extradition from surrounding states to include Washington, D.C. and New Jersey," Thus, the warrant was sought not for a criminal investigation but to execute an arrest warrant from another jurisdiction. Such a reason is outside the scope of the statutes. Any information obtained should be excluded.

At no time did the affidavit provide any information about any criminal investigation other than the execution of a Maryland arrest warrant. Nonetheless, it sprinkled in language that might have misled the Superior Court judge. On page 1, paragraph 2, the affidavit referenced that the cellphone was "believed to be in use by the person or persons that participated in *the case* described below." (emphasis added). On page 2, paragraph 3, the affidavit references "the investigation" with no greater specificity. Later, in paragraph 4, the affidavit misleading contends that issuance

of the search warrant "will lead to the location of the individual or individuals that participated in *this case* detailed below, *in violation of District of Columbia Criminal Code*." (emphasis added). Yet there is no alleged violation of D.C. Criminal Code. The next paragraph – 5 – limits the investigation to the Maryland arrest warrant. As the affidavit concludes in paragraph 15, it parrots the language of the statutes in claiming the request pertains to "an ongoing criminal investigation" and that there is, thus "an evidentiary interest."

The pre-typed search warrant prepared and presented to the Superior Court Judge claims that the records sought are "*Evidence of a violation of D.C. Code*/location of a fugitive." (ECF 15-1, Page 2). Again, no D.C. Code provision is cited. None applies. Fugitive matters in the District of Columbia are governed by D.C. Code Section 23-701 et seq. To be clear, there is no crime of fugivity in the District. And it is not "a violation of D.C. Code" to have an outstanding warrant from another jurisdiction. And while perhaps pragmatically, law enforcement may wish that it is so, obtaining information to determination the location of an alleged fugitive is not contemplated as a lawful basis to proceed under the federal statutes.

Furthermore, the search and seizure of Mr. Martin's private information, including his location, through a cell phone associated with him, violated his Fourth Amendment rights to privacy and to be free from unreasonable search and seizure, such that all fruits must be excluded and suppressed. *See e.g.*, *Carpenter v. United States*, 138 S. Ct. 2206 (2018) ("an individual maintains a legitimate expectation of privacy in the record of his physical movement as captured through [cell site location information."); *Riley v. California*, 134 S. Ct. 2473, 2493 (2014) (police must obtain search warrant before searching cell phone seized incident to arrest); *United States v. Jones*, 132 S. Ct. 2473 (2014) (installation of GPS tracker on car violated expectation of privacy); *Kyllo v United States*, 533 U.S. 27, 40 (2001) (reasonable expectation of privacy includes

expectation to be free of surveillance technology to expose information not publicly viewable); *United States v. Karo*, 468 U.S. 705 (1984) (use of data transmitting from inside residence violated expectation of privacy).

## CONCLUSION

**WHEREFORE**, for the reasons stated above, and for any others that may become apparent at a hearing on this Motion, Mr. Derrick Martin respectfully requests this Honorable Court to exclude use of any information obtained by use of the deficient warrant application and unlawful issuance of a search warrant for his private information.

Respectfully submitted,

/s Edward J. Ungvarsky
Edward J. Ungvarsky, Bar No. 459034
Ungvarsky Law, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
DC: 202 546 1500
VA: 571 207 9710
Cell: 202 409 2084
Email: ed@ungvarskylaw.com
Counsel for Derrick Martin

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Exclude Information Obtained from Deficient Superior Court Search Warrant was served on the government, via electronic filing, on this 4th day of April, 2025.

/s/ Edward J. Ungvarsky
Edward J. Ungvarsky