**U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 1:24-cr-556 |
| v. | JUDGE: TREVOR N. MCFADDEN |
| DERRICK THOMAS MARTIN | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT UNCHARGED MISCONDUCT AND TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTIONS**

Derrick Martin, by and through his attorney, hereby respectfully moves this Court to deny the government's motion to admit irrelevant and questionable uncharged misconduct at his trial. *See* ECF 28 ("Gov't. Mot."). To start, the government seeks to introduce Mr. Martin's prior convictions to impeach him if he chooses to testify. *Id.* at 29-31. Next, the government seeks to admit images of firearms that appear similar to the firearm recovered and charged in this case, despite the fact that the type of firearm is exceedingly common in the district and no evidence supports that the images are of the same firearm. *Id.* at 18-20, 27-29. Finally, the government seeks to introduce evidence that Mr. Martin previously attempted possession of large quantities of narcotics, attempted to acquire a pill press, and had suspected drug trafficking communications. *Id.* at 12-18, 23-27.[1]

As for the images of firearms and the drug trafficking allegations, the proposed evidence is not admissible as intrinsic evidence of the charged counts nor is it admissible under any of

---

[1] The government does not seek to admit evidence of items recovered from the apartment, 1600 Pennsylvania Avenue, N.W. Apt. 402 obtained as the result of a Superior Court search warrant. *See, e.g.*, *id.* at 11 (listing items). This makes sense since another person was in the apartment, no evidence connects Mr. Martin to the items, and Mr. Martin was not charged with these items. The defense, therefore, does not address admission of these items in this Opposition.

1

exceptions to the prohibition on uncharged conduct found in Federal Rule of Evidence (Rule) 404(b). Instead, the proposed evidence amounts to pure propensity evidence. As such, it must be excluded under Rule 403.

The government also seeks to introduce Mr. Martin's prior convictions should he elect to testify at trial pursuant to Rule 609. Mr. Martin's previous criminal history would provide minimal probative value in discerning Mr. Martin's character for truthfulness, and that minimal value is outweighed by its prejudicial effect. Therefore, the government's request should be denied pursuant to Rule 609.

## INTRODUCTION

Mr. Martin is charged in a four-count Superseding Indictment, ECF 19, with offenses arising out the arrest of Mr. Martin at the apartment of his daughter's mother on November 25, 2024 and a bag that was recovered outside of the apartment building. Specifically, Mr. Martin is charged with unlawful possession of a firearm by a person convicted with prior felony (Count I), possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of a fentanyl analogue (Count II), unlawful possession with intent to distribute 500 grams or more of a mixture of substance containing a detectable amount of cocaine; and (4) using, carrying, and possessing a firearm during a drug trafficking activity (Count IV).

At the trial, the government will present evidence that law enforcement officers went to the apartment to serve an arrest warrant on Mr. Martin, that an officer observed Mr. Martin throw a backpack out a window, and that the police recovered the alleged narcotics and firearm (Draco) from the backpack. At trial, the government will seek the prove the identify of Mr. Martin as the person who possessed the fentanyl, cocaine, and firearm (Draco) and will seek to prove that the alleged narcotics were possessed with the intent to distribute and not for personal use.

**LEGAL AUTHORITY**

**A. Rules 404(b) and 403.**

"Convictions are supposed to rest on evidence relevant to the crime charged, not on evidence of other, unrelated bad acts suggesting nothing more than a tendency or propensity to engage in criminality." *United States v. Sheffield*, 832 F.3d 296, 307 (D.C. Cir. 2016) (quoting *United States v. McGill*, 815 F.3d 846, 878 (D.C. Cir. 2016)). Thus, Rule 404(b) precludes the admission of evidence of other crimes or wrong. The rule against introducing character evidence, also known as "propensity evidence," is not based on the idea that the evidence of a defendant's character is irrelevant. On the contrary, it is based "on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985); *see Michelson v. United States*, 335 U.S. 469, 475 76 (1948) (finding that prior bad acts evidence offered to show propensity "is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge").

A two-step test governs admissibility of evidence in connection with Rule 404(b) in the D.C. Circuit. First, the Court must determine whether the evidence is "probative of some material issue other than character." *United States v. Clark*, 24 F.3d 257, 264 (D.C. Cir. 1994). Second, if the Court finds the evidence relevant to a non-character issue, it still will be excluded if it is inadmissible under any other "general strictures limiting admissibility." *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1989). Most important among these strictures is Rule 403. *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992). Under Rule 403, prior crimes evidence will be excluded if its probative value "is substantially outweighed by the danger of unfair

3

prejudice, confusion of the issues, or misleading the jury, or by . . . needless presentation of cumulative evidence." *United States v. Long*, 328 F.3d 655, 662 (D.C. Cir. 2003); Fed. R. Evid. 403.

### B. Rule 609

Impeaching a witness with a prior felony conviction is not a given, particularly when the witness if the defendant. For witnesses not the defendant, Rule 609 requires the district court to consider whether a prior felony's probative value is substantially outweighed by unfair prejudice, confusing the issues, and the like. *See* Rule 609(a)(1)(A) (requiring Rule 403 analysis). For criminal defendants, however, the standard is more stringent, requiring exclusion if prejudicial effect of the conviction merely outweighs its probative value. Rule 609(a)(1)(B). This more stringent standard exists because "a jury is more likely to use a prior conviction against the defendant as propensity than it would when faced with a government witness's prior conviction." 4-609 WEINSTEIN'S FED. EVID. § 609.05[3][a] (2019); *see United States v. Tse*, 375 F.3d 148, 163 (1st Cir. 2004) ("These distinctions—'substantially outweighs' versus 'outweighs,' and 'unfair prejudice' versus 'prejudicial effect'—support the assertion of the Weinstein treaties . . . [and recognize] there is a heightened risk that a jury will use evidence of a prior conviction of the accused to draw an impermissible propensity inference[.]"). To guard against this impermissible inference, the government is compelled to show that a prior conviction's probative value outweighs its prejudice to the defendant. *See United States v. Smith*, 551 F.2d 348, 361 (D.C. Cir. 1976) (Rule 609 "shift[s] to the 5 prosecution the burden of demonstrating that the probative value on the issue of credibility outweighs prejudicial effect to the defendant.").

### C. ARGUMENT

#### 1. Prior Convictions

Here, the government seeks to admit as evidence Mr. Martin's prior misdemeanor conviction for false identification to a law enforcement from January 2019 in Fairfax County, Virginia and a 2017 conviction for grand larceny in Arlington County, Virginia. ECF 28 at 29-30. The government does not seek to admit any other prior conviction of Mr. Martin. Therefore, the defense understands that the government will not seek admission of any other prior conviction of Mr. Martin should he testify for impeachment purposes.

Mr. Martin's prior convictions are inadmissible character evidence under Rule 404(b) and the danger of unfair prejudice outweighs any probative value. The government has not identified the probative value of the convictions. The false identification conviction is a misdemeanor without a comparable federal or local DC offense. It rests upon a citizen's First Amendment and Fifth Amendment rights not to have to incriminate oneself to law enforcement. The conviction is more than six years old. The larceny conviction is even older – eight years old.

The government claims that the prior convictions are relevant to Mr. Martin's specific intent. ECF at 31. While there is little probative value to the prior convictions, the prejudicial effect would be substantial as they suggest that Mr. Martin is a long-time criminal in multiple jurisdictions. Even if the court finds the prior convictions are relevant, relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs the probative value of the evidence. Fed. R. Evid. 403. It is the government's burden to show that "the probative value of a prior conviction outweighs the prejudice to the defendant." *United States v. Lipscomb*, 702 F.2d at 1049. *See, e.g.*, *United States v. Rosales*, 680 F.2d 1304, 1306-07 (10th Cir. 1981) (convictions for forgery and burglary excluded as they would not normally suggest the special probative value on the issue of credibility contemplated by Fed. R. Evid. 609(a)(1).").

To the extent that the Court allows the two prior convictions to be used to impeach Mr. Martin, the Court should order that they are sanitized, such that the government can elicit that one offense was a 2019 non-drug, non-firearm misdemeanor and the other was a 2017 non-drug, non-firearm felony. *See Old Chief v. United States*, 519 U.S. 169 (1997) (holding that evidence of name and nature of defendant's conviction for assault causing serious bodily injury was not admissible to show prior felony conviction element of offense of possession of firearm by felon after defendant offered to stipulate).

### 2. Images of Firearms

The government seeks to admit images of firearms recovered from Mr. Martin's cell phone and from the social media page of another person. There is no credible evidence that the images are of the same firearm that Mr. Martin is charged with. Indeed, the type of firearm is very common in the District of Columbia. On information and belief, after the dates of the images, the government recovered firearms that look very similar to persons associated with the same addresses as Mr. Martin is alleged to be associated. Any firearms or imitation firearms in the images are consistent with firearms later recovered prior to the recovery of the backpack.

Mr. Martin directs the Court's attention to *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004) in which the defendant was charged with being a felon in possession and the government presented evidence from witnesses that they saw the defendant with the same gun at issue in the past. 367 F.3d at 943-45. The D.C. Circuit observed, that it did not "understand how [the defendant's] previous possession of a pistol ma[de] it any more likely that he knowingly possessed a gun th[at] time." *Id.* at 941, 946.

Additionally, any images of Mr. Martin's prior possession of a firearm are substantially more prejudicial than probative. *See* Fed. R. Evid. 403. There are no indicia of reliability to support

6

that the images depict the same firearm, as opposed to a different firearm of the same make and model, or a prop or other nonfunctioning object.

### 3. Evidence of Drug Trafficking

The government seeks to other as prior bad acts evidence the following:

    a. August 25, 2022 interception of kilograms of fentanyl and cocaine "intended for Martin"

    b. January 26, 2023 interception of kilogram of fentanyl pills "intended for Martin"

    c. March 12, 2024 pill press interception

    d. Mr. Martin's communications and photographs reflecting drug trafficking.

ECF 28 at 18.

None of the alleged conduct has any connection to the alleged narcotics found in the background to which Mr. Martin is charged. The government seeks to admit propensity evidence that is unduly prejudicial.

While the government alleged that the August 2022 interception was "intended for Martin," the government does not connect that delivery sufficiently to Mr. Martin. The delivery is in the name of another person. Mr. Martin did not take possession of the item. There is no cell phone evidence that Mr. Martin arranged for this shipment. There are indications that persons others than Mr. Martin are associated with the address and the package.

The January 26, 2023 interception is even more removed from Mr. Martin. The delivery is to an address that multiple persons used. The delivery was in a name other than that of Mr. Martin. No one saw Mr. Martin recover the package. There are many other persons who used the address. Even if Mr. Martin visited the address, there is no indication that the package was intended for

7

him as opposed to the many other persons who used the address. Evidence as to this interception should be excluded. *See United States v. Huddleston*, 485 U.S. 681 (1989) (in 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and *the defendant was the actor*).

Similarly, the pill press interception does not link to Mr. Martin and should be excluded.

Finally, that Mr. Martin may have engaged in text conversations that might appear to be about drug trafficking is propensity evidence and unduly prejudicial as to the charges. Indeed, it is the similarity of the allegations that make it particularly treacherous that jurors would convict based upon past, propensity evidence. Introduction of any of this proposed evidence will invite the jury to conclude that because Mr. Martin may have been involved in drug dealing in the past that he has the tendency to commit crimes and must have possessed the backpack and its contents. This is unlawful.

Respectfully submitted,

/s Edward J. Ungvarsky
Edward J. Ungvarsky, Bar No. 459034
Ungvarsky Law, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
DC: 202 546 1500
VA: 571 207 9710
Cell: 202 409 2084
Email: ed@ungvarskylaw.com
Counsel for Derrick Martin

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition was served on the government, via electronic filing, on this 18th day of April, 2025.

/s/ Edward J. Ungvarsky
Edward J. Ungvarsky