**U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DERRICK THOMAS MARTIN | CASE NO.: 1:24-cr-556<br><br>JUDGE: TREVOR N. MCFADDEN |

**DEFENDANT'S NOTICE OF INTENT TO CROSS-EXAMINE ON PPMS AND BIAS MATERIAL**

Derrick Martin, through counsel, respectfully notices the Court and the government that he intends to cross-examination government law enforcement officers on sustained and pending violations reflected through the MPD Personnel Performance Management System (PPMS) and court records. These findings are directly relevant to witness biases and potential motives to exaggerate and fabricate testimony. *See United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finders of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."). As such, the defense hereby gives notice of its intent to cross-examine on subject areas discussed below.

The government has provided a witness list of many law enforcement officers. The government provided the PPMS and *Giglio* on March 2 and 5, 2026, shortly in advance of trial.

The following proposed witnesses have open cases at the Office of Police Complaints, and the defense intends to cross-examine the officers about their open cases:

a. 25-0912 - Officer Schemmel - Allegations: Force; Harassment
b. 25-0922 - Officer Schemmel - Allegations: Harassment; Failure to Identify; Retaliation; Force

c. 25-1047 - Officer Schemmel - Allegations: Harassment[1]
d. 26-0471 - Officer Tomasula - Allegations: Harassment; Language/Conduct; Discrimination
e. 26-0226 - Officer Creamer - Allegations: Language/Conduct; Harassment

The following proposed witnesses have recent sustained findings, and the defense intends to cross-examine the officers about their sustained findings:

a. Officer Larry Garrett has a September 20, 2024 sustained finding for officer misconduct and conduct unbecoming for an incident noted in PPMS as May 8, 2023. The government's PPMS disclosed describes the matter as a "confidential IAD investigation." D.C. Superior Court records reflect that the IAD investigation arose from Officer Garrett's arrest and prosecution on the criminal charge of voyeurism for using his work cell phone while on duty at a warrant squad arrest scene to videotape a female citizen in a state of undress, with the matter being CCN No. 23-073-98 and Officer Garrett was Lockup 36 on May 19, 2023. Counsel attaches as an Exhibit the Information and Affidavit in Support of an Arrest Warrant for Officer Garrett.[2]

b. Officer Tomasula had a sustained finding on July 12, 2023 for officer misconduct and conduct unbecoming for his actions of January 6, 2021 and leading up to that day, including but not limited to December 11, 2020, which included making statements of "Go, go, go" and "Let's go," and "Come on, go" while in the crowd; climbing a piece

[1] Officer Schemmel also has prior sustained findings for excessive force, harassment, discrimination, and demeaning language from August 9, 2024; no show, court conference from October 12, 2023; body worn camera violation from October 20, 2022, body worn camera violation from March 3, 2022. Counsel intends to cross-examine on the findings and determination, without addressing the details of those prior events.

[2] Officer Garrett also has prior sustained findings for officer misconduct and conduct unbecoming from January 14, 2025; no show court papering from February 4, 2014, harassment from December 2, 2015, theft from May 10, 2012; and court no show on January 4, 2011. Counsel intends to cross-examine on the findings and determination, without addressing the details of those prior events.

of scaffolding up to a marble railing at the U.S. Capitol; attending a Hotel Harrington Proud Boys meeting on December 11, 2020 without official approval or operations plan; using MPD confidential funds to purchase "Proud Boys" memorabilia on December 11, 2020 and not placing the property on a PD Form 82 to account for it; and, using his personal cell phone to message on Telegram with Proud Boy members and not preserving those text messages.

c. MPD Detective Gus Giannakoulias has a January 22, 2025 sustained finding for the mishandling of property, specifically by storing a cell phone that was evidence in a case in his desk.

Officer Tomasula also has what the defense views as an adverse judicial observation concerning his credibility, and the defense intends to cross-examine the officer about that circumstance. In suppressing the evidence in the case, Judge Amy Berman Jackson ruled, "The record contains many reasons to question Officer Tomasula's objectivity and his candor, but we don't have to go there. I don't have to find that he lied about anything … because he didn't say he saw anything that would be reasonable suspicion." The government does not provide the case name.

Cross-examination as outlined above is "probative of truthfulness or untruthfulness" because it gives the officer a powerful motive to curry favor with the government. *United States v. Tarantino*, 846 F.2d 1384, 1406 (D.C. Cir. 1988). Specifically, the officer knows or should know that he could be disciplined for actions in this case and, where there are prior sustained findings, that discipline could be escalated because of the prior sustained findings. *See Davis v. Alaska*, 415 U.S. 308, 315-16 (1974) ("Cross-examination is permitted not only to impeach the general credibility of a witness but also to expose possible biases, prejudices, or ulterior motives of the

witness as they may relate to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial and is always relevant as discrediting the witness and affecting the weight of his testimony.") (cleaned up). *See United States v. Olguin*, 610 Fed. Appx. 795, 797 (10th Cir. 2015) ("Information about a law enforcement officer being disciplined due to dishonesty is certainly probative of truthfulness.") (cleaned up).

This cross-examination protects and advances Mr. Martin's Sixth Amendment right to confront witnesses against him. *See Davis v. Alaska*, *supra*; *United States v. Wilson*, 605 F.3d 985, 1003 (D.C. Cir. 2010) (Sixth Amendment "guarantees a defendant the right to cross-examine the witnesses against him"). Mr. Martin must have "a realistic opportunity to ferret out a potential source of bias." 605 F.3d at 1003.

The defense does not intend, at any time, to cross-examine any officer about a closed investigation in which allegations were deemed not to be sustained or the officer's actions were deemed to be justified. Mr. Martin thus is not seeking to engage in overbroad, unparticularized examination of the witness' personnel files. Instead, counsel seeks to question the witnesses about matters that go directly to their credibility and bias-motives.

No conviction or other judicial or administrative determination is necessary for such evidence to be admissible. Put differently, when a defendant's liberty is at stake, the government often seeks as it did in this case—and some courts allow as it did in this case—uncharged conduct to prove a defendant acted with, for example, the requisite intent or knowledge. *See*, *e.g., United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000) ("Rule 404(b) is a rule of inclusion rather than exclusion." And though "quite permissive," a court "may exclude the evidence on the basis that it is unfairly prejudicial, cumulative or the like, its relevance notwithstanding." (quotation marks

omitted)). Here, Mr. Martin seeks to question the officers to aid the jury in concluding whether he was the individual who committed the charged offenses.

Respectfully submitted,

/s Edward J. Ungvarsky
Edward J. Ungvarsky, Bar No. 459034
Ungvarsky Law, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
DC: 202 546 1500
VA: 571 207 9710
Cell: 202 409 2084
Email: ed@ungvarskylaw.com
Counsel for Derrick Martin

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on the government, via electronic filing, on this 9th day of March, 2026.

/s/ Edward J. Ungvarsky
Edward J. Ungvarsky